## PIERSON and others vs. HITCHNER and others.

1. Notice of application for assignment of dower, by publication, where all the persons interested in the lands reside in this state, is a nullity, and assignment of dower to a widow under proceedings had upon such notice, is illegal.

2. Minors who have no guardians, are entitled to notice of such application, and guardians *ad litem* should be appointed for them.

3. The Court of Chancery has power to set aside an excessive assignment of dower. It has undoubted jurisdiction over the whole subject, and is competent to administer the appropriate relief on equitable terms.

4. The widow having married again, and her husband having made improvements on that part of the lands assigned to the widow, at the request of the parties seeking to set the assignment aside, he is entitled to compensation therefor, and he and his wife must account, as trustees, to the heirs, for the reasonable annual value during the time they have enjoyed it, of any excess which may appear of the dower as assigned, beyond the proper quantity which may be ascertained upon a re-admeasurement.

---

Bill for injunction, and to set aside assignment of dower. On final hearing on pleadings and proofs.

*Mr. F. F. Westcott,* for complainants.

*Mr. J. J. Reeves,* for defendants.

THE CHANCELLOR.

Philip Pierson, late of the county of Cumberland, in this state, died on the 21st of July, 1853, intestate, leaving a widow and five minor children, the youngest of whom appears to have been but two years old, and the oldest but eight, his heirs-at-law. One of the children has since died, and another seems, from the evidence, to be *non compos mentis.* At the time of Philip Pierson's death, he owned a farm of one hundred acres, lying partly in Cumberland and partly in Salem. The widow, having in May, 1854, married Eli P. Hitchner, applied with him to the Ordinary, on the 5th of July of that year, by petition, for the assignment of her dower, under the "act relative to dower." The petition alleged that the petitioner had caused at least four weeks' notice of the application to be given to all persons interested in the real estate, by publication in the *West Jersey Pioneer,* a newspaper printed and published at Bridgeton, in Cumberland county, and circulating in the neighborhood of the property.

Pierson *v.* Hitchner.

It does not appear from the petition, nor otherwise in the proceedings, who the persons interested were. On the filing of the petition, commissioners were appointed to assign the dower, who accordingly set off to the widow, forty acres of the farm, including that part on which were the dwelling-house and all the rest of the farm buildings. Their report is dated October 20th, 1854. Eli P. Hitchner took out letters of guardianship of the persons and estates of the children, in September, 1854. On his marriage to Mrs. Pierson, he took possession of the whole farm and remained there, his wards residing with him, till 1861, when he removed to a farm which he owned, in the county of Salem, and from that time to 1870 he leased the Pierson farm, or put it out on shares, and received the rent, or a share of the produce of it, accordingly. In 1870, George, Joseph, and Margaret, three of the complainants, children of Philip Pierson, were let into possession of the whole farm, by Eli P. Hitchner and his wife, and were so in possession in December, 1872, with Gould S. Hitchner, with whom Margaret had intermarried. At that time, notice to quit the farm on the 25th of the ensuing March, was given to them by Eli P. Hitchner and his wife. The complainants, in February, 1873, filed their bill for an injunction to restrain Eli P. Hitchner and his wife from evicting them from the premises, and to set aside the assignment of dower.

The assignment to the widow was illegal. The act under which the proceedings were taken, (*Nix. Dig.* 252, 253,) provides that it shall be lawful for any widow, entitled to dower in any lands or real estate of which her husband died seized, or for any heir or heirs, or guardian of any minor child or children, entitled to any estate in such lands or real estate, or for any purchaser thereof, to apply, by petition, to the Orphans Court of the county where the said lands or real estate are situated, for the appointment of commissioners to assign to such widow her dower in such lands and real estate, and that thereupon the court shall appoint three discreet and disinterested freeholders, in the county, commissioners to admeasure and set off, as speedily as conveniently may be,

one-third part of the lands and real estate, as the widow's dower. It further provides, that the party petitioning shall give twenty days' previous notice in writing, to the other person or persons interested, and to the guardians (if any) of minor children, of the intended application, by serving the same personally, or leaving it at his or her usual place of dwelling; or where any person entitled to notice of such intended application shall not reside in this state, and shall not be served with notice as aforesaid, then notice may be given by advertisement in a newspaper published in the county where the said lands or real estate are situated, or in the county nearest thereto in which a newspaper shall be published, for at least four weeks successively, at least once in each week. It is further provided, that where a husband shall die seized of lands or real estate in two or more counties, it shall be lawful for the Ordinary or Surrogate-General to appoint commissioners to admeasure and set off dower as aforesaid, and to proceed therein in all respects as the Orphans Court are by that act authorized to proceed for the making admeasurement of dower. The statute provides for notice to all persons interested. Those who reside in this state are to be notified by written notice, served personally, or left at their usual place of dwelling. The notice by publication is authorized only in the case of non-residence. In this case, all of the persons interested resided in this state. The notice by publication was, therefore, a nullity. The minors, however, when the petition was filed, had as yet no guardian, and it is urged by defendants' counsel, that therefore no notice was requisite; that the act makes it obligatory on the petitioner to give notice only to such minors as may at the time have guardians. Such a construction is inadmissible and unreasonable. The legislature intended and provided that all persons interested should have notice, either actual or constructive. Minors are to have notice in the person of their guardians, if any they have. If they have no guardians, they are not, therefore, to be ignored. A minor may, of course, be of such an age and of such intelligence, as to be

quite able, if not to protect, still, to look after his interest in such a proceeding; and, as a rule, notice should be given to minors residing in this state, without guardians, in the manner designated by the statute. The fact of their minority should be made to appear to the court, to the end that it may appoint guardians *ad litem* for them. If the circumstances of the minor, such as his tender age, want of capacity, or the fact that he is under the care of the applicant, be such as to render notification impracticable or nugatory, the fact of non-notification, with the reason thereof, should be made to appear. The legislature, of course, did not intend that the rights of the infant who has a guardian to look after his interest, should be carefully protected, while those of the minor who has no guardian, and therefore most needs protection, should be wholly ignored.

In a writ of dower, or dower *unde inhil habet,* the court provides, by the means usual in courts of law where a minor is defendant, for the protection of the rights of the infant heir. In equity, the assignment of dower is made with like care as in a court of law, for the rights of the infant who may be interested. But, under the construction contended for under the summary proceedings provided by the act, the interest of the infant who happens to be without guardian, is entirely uncared for. In the present case, all the persons interested, except the petitioners, were infants of tender years, and the proceedings are not only silent as to the fact of their minority, but do not even disclose who the persons interested were. It was, in fact, an *ex parte* assignment, without notice to any person interested. Again, the assignment was clearly excessive. Of the one hundred acres of which the farm consisted, forty, with all the farm buildings, were assigned to the widow. Nor does there appear to have been any reason for the apparent excess. Of the power of this court to set aside the assignment, there can be no doubt. In *Hoby* v. *Hoby,* 1 *Vern.* 218, the bill was, to be relieved against an assignment of dower by the sheriff, which, in the bill, was charged to have been fraudulently

made, there having been assigned to the widow for her dower, one full third part, in annual value, of the lands, and, on the third, there was a coal mine of considerable annual value, which was not taken into account in the assignment. In view of this fact, and that the widow's father was the only person who defended the writ of dower on behalf of the infants, and appeared to see it set out, (which, to the court, seemed like collusion,) the court proposed terms in reduction of the assignment to the widow for her consideration and acceptance, and directed that a new assignment be made, if she refused them. In *Sneyd* v. *Sneyd*, 1 *Atk.* 442, the widow had recovered judgment in a writ of dower, and dower was assigned by the sheriff. The heir filed the bill to be relieved against the assignment, on the ground that the sheriff had included in his estimation of the property of which the widow was dowable, property in which she was not entitled to dower, and had assigned to her, accordingly. The assignment was, therefore, excessive. The court ordered that it be set aside. This court has undoubted jurisdiction over the whole subject, and is competent to administer the appropriate relief on equitable terms. *Hartshorne* v. *Hartshorne*, 1 *Green's Ch.* 349; *Hinchman* v. *Stiles*, 1 *Stockt.* 454; *Opdyke* v. *Bartles*, 3 *Stockt.* 133; *Rockwell* v. *Morgan*, 2 *Beas.* 119.

And there is special reason why this court should administer the relief. This case should be disposed of in all its parts, here. It appears that, since the complainants have been in the occupation of the premises, Eli P. Hitchner has, at their request, built a new barn on the property, locating it on that part of the farm assigned to the widow. He is entitled to compensation for it. Besides, he and his wife should account, as trustees, to the heirs for the reasonable annual value, during the time they have enjoyed it, of any excess which may appear of the dower as assigned, beyond the proper quantity which may be ascertained upon the re-admeasurement. The assignment made by the commissioners will be set aside, and a new one made under the direction of this

court. When it shall have been made, it will appear as to what excess Eli P. Hitchner and his wife are to account, and the account may then be taken between the parties.